Anna Y. Park, California Bar Number 164242
Michael Farrell, California Bar Number 266553
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

FILED
DISTRICT COURT OF GUAM
SEP 30 2011
JEANNE G. QUINATA
CLERK OF COURT

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> Aviation Concepts Inc., and DOES 1-10, Inclusive, <br> Defendants. | Civil Case No.: **11-00028** <br><br> COMPLAINT—TITLE VII <br> • CIVIL RIGHTS <br> • EMPLOYMENT DISCRIMINATION <br> • RELIGION <br><br> (42 U.S.C. §§ 2000e, et seq.) <br><br> JURY TRIAL DEMAND |

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission ("EEOC" or the "Commission")) brings this action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Charging Party Armando Perez who was adversely affected

-1-

ORIGINAL

by such practices. As alleged with greater particularity in Paragraph 11 below, the EEOC alleges that Aviation Concepts Inc. ("Aviation") discriminated against Mr. Perez on the basis of religion in violation of Title VII when it terminated his employment because of his sincerely held religious belief that he was prohibited from raising the American and Guam flags by his religion, Jehovah Witness.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The unlawful employment practices herein alleged were committed within the jurisdiction of the United States District Court of Guam.

## PARTIES

4. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant Aviation has been continuously doing business within Guam and the jurisdiction of the United States District Court of Guam.

6. At all relevant times, Defendant Aviation has continuously employed fifteen (15) or more persons.

7. At all relevant times, Defendant Aviation has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

8. Plaintiff is ignorant of the true names and capacities of Defendants sued as Does 1 through 10, inclusive (the "Doe Defendants"). Therefore, Plaintiff sues said Defendants by such fictitious names. Plaintiff reserves the right to amend the complaint to name the Doe Defendants as they become known. Plaintiff alleges that each of the Defendants named as Doe Defendants was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when Plaintiff has ascertained the identity of the Doe Defendants.

9. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, alter ego, joint employer, integrated enterprise, agent, employee, successor, or under the direction and control of the others, except as otherwise specifically alleged. The alleged acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the other Defendants' unlawful acts and omissions alleged in this complaint. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

## STATEMENT OF CLAIMS

10. More than thirty (30) days prior to the filing of this lawsuit, Mr. Perez filed charges with the EEOC alleging that Defendants violated Title VII. The EEOC investigated and issued a Letter of Determination finding reasonable cause to believe that Aviation discriminated against Mr. Perez on the basis of religion in violation of Title VII when it fired him for because of his inability to

raise the American and Guam flags, an activity which Mr. Perez had repeatedly explained was prohibited by his religion, Jehovah Witness. Prior to instituting this lawsuit, the EEOC attempted to eliminate the unlawful employment practices herein alleged and to effect voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. § 2000e-5(b). All conditions precedent to the institution of this lawsuit have been met.

11. In about June 2010, Defendants engaged in unlawful employment practices at their Guam headquarters in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by discriminating against Mr. Perez on the basis of religion.

    a. Mr. Perez is a Jehovah Witness.

    b. Mr. Perez holds a sincere religious belief that his religion prohibits him from demonstrating any allegiance to symbols of government, which includes the act of raising the flags of the United States or Guam.

    c. Defendants were aware of this sincere religious belief held by Mr. Perez.

    d. In or about June of 2010 a management official of the Defendants required Mr. Perez to raise the flags of the United States and Guam as part of his employment.

    e. Mr. Perez expressed to the management official that his religious belief conflicted with this requirement and prohibited him from raising the flags of the United States and Guam.

    f. Defendants terminated Mr. Perez because he was unable to raise the American and Guam flags, an activity which Mr. Perez had repeatedly explained was prohibited by his religion, Jehovah Witness.

12. The unlawful employment practices described in Paragraph 11 deprived Mr. Perez of equal employment opportunities and otherwise adversely affect his status as an employee because of his religion.

13. The unlawful employment practices described in Paragraph 11 were intentional.

14. The unlawful employment practices described in Paragraph 11 were done with malice or with reckless indifference to Mr. Perez's federally protected rights.

15. As a direct and proximate result of the unlawful employment practices described in Paragraph 11, Mr. Perez has suffered pain and suffering, inconvenience, loss of enjoyment of life, humiliation and damages, all to be proven at trial.

## **PRAYER FOR RELIEF**

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their respective officers, assigns, agents, successors, and all persons in active concert or participation with them, from engaging in any employment practices which discriminate on the basis of religion;

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities, and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendants to make whole Mr. Perez, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including, but not limited to rightful-place reinstatement, or front pay.

D.   Order Defendants to make whole Mr. Perez by providing the appropriate compensation for past and future pecuniary losses, and/or other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices;

E.   Order Defendants to make whole Mr. Perez by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained as described above, including, but not limited to pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F.   Order Defendants to pay Mr. Perez punitive damages for their malicious and/or reckless conduct as described above, in amounts to be determined at trial;

G.   Grant such further relief as the Court deems necessary and proper in the public interest; and

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

P. DAVID LOPEZ
General Counsel

JAMES LEE
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. Equal Employment Opportunity
Commission
131 M Street, N.E.
Washington, DC 20507

Date: September 23, 2011        BY: _____
                                ANNA Y. PARK
                                Regional Attorney

                                MICHAEL FARRELL
                                Supervisory Trial Attorney

                                U.S. Equal Employment Opportunity
                                Commission
                                Los Angeles District Office